# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM W. McCLAIN,<br><br>    Plaintiff,<br><br>vs.<br><br>P. PAUL GORSKI; LEBLANC GROUP, CANADA; JOHN DOE, CHIEF EXECUTIVE OFFICER OF LEBLANC GROUP, CANADA; KENNETH FENTRESS; DEBRA BREAMAN; JANET HUNDLEY; DESELYN HOLMAN; CONTINENTAL CASUALTY COMPANY; and UNKNOWN EMPLOYEES OF CONTINENTAL CASUALTY COMPANY,<br><br>    Defendants. | No. **C01-4090-DEO**<br><br>**ORDER ON PENDING MOTIONS** |

This matter is before the court on eight pending motions: four motions by the plaintiff for the appointment of counsel (Doc. Nos. 33, 42, 44, and 54); a motion for default judgment as to "the chief executive officer, LeBlanc Group, Oakville, Ontario, Canada," filed by the plaintiff (Doc. No. 53); a motion to dismiss and/or to quash improper service, filed by Radian Communications Services Corporation (Doc. No. 55); a motion for special service of process pursuant to Federal Rule of Civil Procedure 4(c)(2), filed by the plaintiff (Doc. No. 56); and a motion to refile the complaint, also filed by the plaintiff (Doc. No. 57).

The plaintiff's "First Amendment to Complaint at Law" was filed on December 12, 2001. (Doc. No. 3) In the Amended Complaint, the plaintiff asserts diversity and federal question jurisdiction. He claims generally that the defendants conspired against him to deny him benefits from a disability insurance policy. In the Amended Complaint, the

plaintiff named the following defendants: P. Paul Gorski; LeBlanc Group, Canada; John Doe, Chief Executive Officer of LeBlanc Group, Canada; Kenneth Fentress; Debra Breaman; Janet Hundley; Deselyn Holman; Continental Casualty Company; Unknown employees of Continental Casualty Company; and Michael Jennings, a physician with Morningside Family Practice.[1] P. Paul Gorski, Debra Breaman, Michael Jennings, Janet Hundley, Continental Casualty Company, and Deselyn Holman all have answered the complaint. (Doc. Nos. 8, 9, and 10) In an Order filed August 2, 2005, Judge Donald E. O'Brien granted judgment on the pleadings to Michael Jennings and Morningside Family Practice, dismissing them as parties to the case.

An entity called Radian Communications Services Corporation has filed a motion to dismiss and/or motion to quash improper service, "on behalf of the LeBlanc, Ltd., Chief Executive Officer, identified as 'John Doe' in Plaintiff's complaint[;] Leblanc, Ltd./Radian[;] and Radian's employees." (Doc. No. 55-2, p. 3)

The file reflects that LeBlanc Group, Canada; John Doe, Chief Executive Officer of LeBlanc Group, Canada; Kenneth Fentress; and "Unknown employees" of Continental Casualty Company have not been served, and have not appeared in this action.

Since filing the case, the plaintiff has had continuing difficulty obtaining service on several of the defendants. On December 18, 2001, the court granted the plaintiff until February 28, 2002, to effect service on the unserved defendants. On March 22, 2002, the Clerk of Court issued a dismissal notice pursuant to Local Rule 41.1, allowing the plaintiff until April 5, 2002, to effect service. The plaintiff wrote a letter to the court requesting more time (Doc. No. 12), and on April 18, 2002, Judge O'Brien granted him forty-five

---

[1]Since the filing of the complaint, the parties have utilized a number of different captions, some including entities who are not parties to the case, and others omitting or misnaming parties. The court has attempted, in the caption to this order, to correctly identify the remaining parties in the case.

additional days to perfect service on the unserved defendants (Doc. No. 13). Now, four years later, the plaintiff still has not served these defendants, although from the papers now before the court, it is evident that he has been making an effort to do so.

The court first will address the plaintiff's requests for appointment of counsel. The plaintiff first requested appointment of counsel on November 13, 2002 (Doc. No. 33), asking that Martha McMinn or another "seasoned attorney" be appointed to represent him in this case. He explained that because of depression and numerous health issues, he is unable to represent himself, and he stated he does not have the funds to retain an attorney. On October 10, 2004, the plaintiff filed a renewed motion for appointment of counsel, stating that because he suffers from chronic obstructive pulmonary disease, his health is frail, and he is unable to present his case adequately. (Doc. No. 42) On April 22, 2005, he again asked that a lawyer be appointed to represent him in this case. (Doc. No. 44) Finally, on October 11, 2005, he requested that Marten A. Trotzig be appointed to represent him, and that Mr. Trotzig be permitted to select a labor lawyer to serve as co-counsel. (Doc. No. 54)

Of course, the plaintiff may, without an order from the court, retain a lawyer to represent him in this case. However, he apparently does not have the funds to hire a lawyer, so he is asking the court to provide him with one. The question here is whether the court can appoint a lawyer to represent the plaintiff and either pay the cost of the legal representation or require a lawyer to represent the plaintiff *pro bono*. Because the court has no funds to pay a lawyer to represent the plaintiff, any appointment would have to be on a *pro bono* basis.

The court recognizes that it would be beneficial to both the plaintiff and the court if the plaintiff were to have legal representation in this case. However, a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *See*

*Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Stevens v. Redwing*, *supra*. In weighing these factors, the court finds the plaintiff's likelihood of success in this case is marginal, at best. The case does not appear to be complex, although the plaintiff is having difficulty addressing certain of the legal issues in the case, particularly those involving service of process. Also, the plaintiff's ability to represent himself is hampered by his poor health. In consideration of these factors, the court attempted to find an attorney to represent the plaintiff on a *pro bono* basis. However, the court was unsuccessful in these efforts. Under 28 U.S.C. § 1915(e), the district court "may request an attorney to represent any person unable to afford counsel." However, the court does not have the power under section 1915(e) to appoint an attorney over the attorney's objection. *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 305, 109 S. Ct. 1814, 1820, 104 L. Ed. 2d 318 (1989). The Court left open the question of whether federal courts possess the inherent power to require an unwilling attorney to accept an appointment. *Mallard*, 490 U.S. at 310, 109 S. Ct. at 1823; *see also O'Connor v. Jones*, 946 F.2d 1395, 1397 (8th Cir. 1991).[2]

After considering all of these circumstances, the court **denies** the plaintiff's motions for appointment of counsel (Doc. Nos. 33, 42, 44, and 54). The court also **denies** the plaintiff's motion to refile the complaint (Doc. No. 57), in which the plaintiff is seeking to have the complaint refiled *in forma pauperis*. The relief sought in this motion is

---

[2]This issue, as well as several other related issues, were discussed in detail in *Bothwell v. Republic Tobacco Co.*, 912 F. Supp. 1221 (D. Neb. 1995).

unclear, but it appears the plaintiff believes that if the complaint is refiled *in forma pauperis*, it will help him with his service problems. Although the court will not order the complaint to be refiled, the court does **ORDER** that the plaintiff may proceed in this case *in forma pauperis* pursuant to 28 U.S.C. § 1915, for purposes of Federal Rule of Civil Procedure 49(c)(2), and for all other purposes provided in section 1915.

The court next will address the issues raised in the plaintiff's motion for default judgment as to "the chief executive officer, LeBlanc Group, Oakville, Ontario, Canada" (Doc. No. 53), and the motion to dismiss and/or to quash improper service filed by Radian Communications Services Corporation ("Radian") "on behalf of the LeBlanc, Ltd., Chief Executive Officer, identified as 'John Doe' in Plaintiff's complaint[;] Leblanc, Ltd./Radian, and Radian's employees." (Doc. No. 55-2, p. 3).

Addressing, first, the plaintiff's motion for default judgment, the plaintiff states he served the Complaint and Summons by registered mail addressed to "Chief Executive Officer, LeBlanc Group," at an address in Oakville, Ontario, Canada. At the time he filed the motion on October 11, 2005, the plaintiff stated he was "attempting to obtain a copy" of the receipt. Federal Rule of Civil Procedure 4(f)(1) provides that "service upon an individual . . . may be effected in a place not within any judicial district of the United States . . . by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" Canada became a signatory to the Hague Convention on April 10, 1989. *See Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 56 (D. Mass. 2002).

The Eighth Circuit Court of Appeals has held that "sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention." *Bankston v. Toyota Motor Corp.*,

5

889 F.2d 172, 174 (8th Cir. 1989). However, it is not clear that *Bankston* is controlling in this case. In *Bankston*, the plaintiff was attempting to serve a Japanese corporation by registered mail, and the complaint had not been translated into Japanese, as was required by the Hague Convention. In *Taft v. Moreau*, 177 F.R.D. 201 (D. Vt. 1997), the court held that service of a complaint by registered mail on a Canadian individual and a Canadian corporation, with a return receipt, complied with the Hague Convention. Nevertheless, here, the plaintiff has not shown the registered letter was received by the defendant. Although the plaintiff indicated he was "attempting to obtain a copy of the U.S. Mails tracking sheet on this particular registered mail," the plaintiff has never filed a supplement to the motion containing evidence that the registered letter was received. In the absence of proof that the letter actually was received by the defendant, the service is ineffective. *Cf. Jones v. Flowers*, ___ U.S. ___, 126 S. Ct. 1708 (Apr. 26, 2006) (when notice of tax sale sent by certified mail is returned unclaimed, due process requires that additional steps be taken to notify property owner). Accordingly, the motion for default judgment is **denied**.

Turning to motion to dismiss, or alternatively to quash the plaintiff's attempted service of process, the court first notes Radian represents that it is the successor in interest to LeBlanc Communications Group, Canada. However, at this point, Radian is not a party to this action, it has made no motion to substitute itself as a party, and the plaintiff has made no motion to amend his Complaint to name Radian or its employees as parties. Therefore, to the extent Radian moves for dismissal of itself and its employees from this action, the motion is **denied as moot**. To the extent the motion effectively seeks dismissal on behalf of named parties to this action, "[t]he cases and commentators suggest that the better practice is to quash insufficient service of process unless it is clear that plaintiff cannot effect proper service." *Froland v. Yamaha Motor Co., Ltd.*, 296 F. Supp. 2d 1004

(D. Minn. 2003) Because it is not clear that the plaintiff will be unable to effect proper service on the named parties, the motion to dismiss is **denied**. However, to the extent the motion seeks to quash ineffective service of process on LeBlanc Group, Canada, and John Doe, Chief Executive Officer of LeBlanc Group, the motion is **granted**, for the reasons discussed above regarding ineffective service of process.

Finally, the court will address the plaintiff's motion for special service of process pursuant to Federal Rule of Civil Procedure 4(c)(2). (Doc. No. 56) Rule 4(c)(2) provides that, "[a]t the request of the plaintiff, . . . the court may direct that service be effected by a United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(2). As one court has held:

> Once the in forma pauperis plaintiff has taken reasonable steps to identify the defendant(s), "Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that . . . the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants.'" *Lindsay* [*v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)] (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals Service . . . ." *Id*. at 447 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

*Wharton v. Metropolitan Transit Authority of Harris*, 2005 WL 1653075, slip op. at *2 (S.D. Tex. 2005).

The motion for special service of process (Doc. No. 56) is **granted**. **By August 1, 2006**, the plaintiff is directed to identify precisely the remaining parties to be served, and to file in this case a notice to the U.S. Marshal of those parties' correct names and

7

addresses. The U.S. Marshal is directed to make service on those defendants without prepayment of costs by the plaintiff. The Complaint will be dismissed with respect to any defendant who has not been served properly by **November 1, 2006**.

    **IT IS SO ORDERED.**

    **DATED** this 25th day of May, 2006.

                                PAUL A. ZOSS
                                MAGISTRATE JUDGE
                                UNITED STATES DISTRICT COURT